# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**OMAR TORO, ET AL.**                                              **CIVIL ACTION**

**VERSUS**

**COASTAL INDUSTRIES, LLC, ET AL.**                              **NO. 17-532-JWD-RLB**

## ORDER

Before the Court is Plaintiffs' Motion to Compel (R. Doc. 12) filed on January 31, 2018. The Defendants filed their Opposition (R. Doc. 17) on February 21, 2018. Plaintiffs filed a Reply (R. Doc. 21) on March 7, 2018.

## I.  Background

Plaintiffs, Omar Toro and Elvin Antonio Cruz, instituted this action against Defendants, Coastal Industries, LLC and Kelly Sills with the filing of their Complaint (R. Doc. 1) on August 9, 2017.  Plaintiffs bring claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., alleging that Defendants failed to properly pay them overtime wages, and seeking liquidated damages, attorney's fees, interest, and costs.

Plaintiffs propounded their First Set of Requests for Production of Documents to Defendants on October 4, 2017. (R. Doc. 12 at ¶ 1). Request No. 1 therein sought the following:

> Any and all documents reflecting the hours of work and compensation of the Plaintiffs, beginning the first week they worked for you, up to and including the date this lawsuit was filed, including but not limited to timecards, timesheets, work schedules, payroll records, and attendance logs.

(R. Doc. 12 at ¶ 2). Defendants responded and produced documents on December 14, 2017. (R. Doc. 12 at ¶¶ 2-4).

Plaintiff seeks to compel Defendants to produce additional documents in response to Request No. 1 of their First Set of Requests for Production of Documents. Specifically, Plaintiffs argue that Defendants failed to produce certain payroll records from November of 2016 through the end of Plaintiff's employment with Defendants. (R. Doc. 12 at ¶ 12). Instead, these documents were produced only through November of 2016. (R. Docs. 12-5 and 12-6).

In support of their position, Plaintiffs argues that the requested documents are relevant and within the permissible scope of production. (R. Doc. 12-2 at 4-5). Plaintiffs also argue that Defendants have waived their objection to Plaintiffs' Request No. 1 as a result of an untimely objection, and that Defendants failed to specify the portion of the documents being withheld and allow Plaintiffs to inspect the documents being withheld. (R. Doc. 12-2 at 6-7).

Defendants respond that, on October 17, 2017, they produced to Plaintiffs the "AP Vendor Drilldown reports" for both Plaintiffs from January 2014 through the end of their respective employments, which reports allegedly reflect hours worked and associated pay, i.e., the "complete pay records for Plaintiffs" such that any additional production would be cumulative and overly burdensome. (R. Doc. 17-1 at 2). Defendants also contend that, because they began paying Plaintiffs overtime in November 2016, the pay records after that date are irrelevant. (R. Doc. 17-1 at 2).

**II.     Law and Analysis**

   **A.     Legal Standard**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Whether discovery is proportional depends on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information may fall within this scope of discovery even if it is not admissible in evidence. Fed. R. Civ. P. 26(b)(1).

**B.    Analysis**

In response to the instant motion seeking additional responses to Plaintiff's Request for Production of Documents No. 1, Defendants assert that certain documents were produced to Plaintiffs, including the following: (1) D-TOR-000001-000008, the AP Vendor Drilldown reports for both Plaintiffs from January 2014 through October 2017; (2) D-ALV-000012-000516, which records duplicate the same information in the AP Vendor Drilldown reports but only cover the period through October/November of 2016; and (3) D-TOR000174-00373, which are the

3

weekly time sheets for both Plaintiffs that reflect the hours worked for the entire time period. (R. Doc. 17-1 at 2-3).

Based on the Court's review of the documents provided by Defendants, the AP Vendor Drilldown reports appear to reflect the total weekly hours each Plaintiff worked throughout their employment, as well as the calculated gross pay. The Court notes that the AP Vendor Drilldown reports do not appear to reflect the daily hours worked, or necessarily the amount actually paid to Plaintiffs.

The second group of documents produced by Defendants and submitted by Plaintiffs (R. Doc. 12-5 and 12-6) appear to contain the number of hours worked by Plaintiffs each day in a given week, as well as the regular rate per hour and gross income. In the deposition of Coastal Industries Corporate Representative Kathline Malone, these documents were described as their "payroll records." (R. Doc. 12-7 at 21). As referenced above, the Defendants have not produced these "payroll records" for the entire period of employment of the Plaintiffs. Further, whereas Defendants suggest these two groups of documents reflect the same information and are duplicative, the Court notes that there are certain differences, including whether the document contains a daily breakdown of the hours worked, and the job site.

The final group of documents discussed are the weekly time sheets. Presumably, this data was used to create the information contained in the other two sets of documents.

Upon review, the Court agrees that there seem to be some discrepancies between the various sets of documents, but not to the extent claimed by Plaintiffs. For example, the AP Vendor Drilldown reports show that Plaintiff Toro worked 13.5 hours for the reference date of 09/20/14. (R. Doc. 17-2). In reviewing the timesheets, however, Plaintiff Toro does not appear until the third page, which shows a total of 32.5 hours for the week of 10/5-10/11. (R. Doc. 12-5

at 3). There is nothing in the weekly timesheets that the Court has located that confirms the first three entries from the AP Vendor Drilldown reports as to Mr. Toro.[1]

Plaintiff also suggests that Exhibit A reflects that Mr. Cruz worked 46.5 hours the week of December 25, 2016 through December 31, 2016, but that the AP Vendor Drilldown reports reflect that he was only paid for 37 hours that week. (R. Doc. 21 at 3). Because of the timeframe at issue, the Court is unable to compare these calculations with any information in the aforementioned "payroll records." It is unclear whether the daily timesheets reflect 37 hours of work or 46.5 hours of work. There appears to be two separate timesheets for December 28, 2016, resulting in the possibility that 9.5 hours was not counted. (R. Doc. 21-3 at 28 and 29).

Although Defendants argue that they have produced "complete pay records for Plaintiffs" and that records from November 2016 through the end of Plaintiffs' employment are not relevant, at a minimum there is some uncertainty as to whether Plaintiffs have received documents reflecting the "hours of work and compensation" during their complete period of employment, and whether they were properly paid (overtime or not) during that period. Further, it does not appear from Plaintiffs' briefing on the Motion to Compel that Plaintiffs seek anything other than payroll documents from October 2016 through May 2017, the time period in which both parties agree documents were not produced.

---

[1] Notwithstanding that discrepancy, the other examples provided by Plaintiff appear to be incorrect. Plaintiff suggests in Reply that the daily timesheets for Mr. Toro indicated he worked 54 hours the week of December 4, 2016 through December 10, 2016, but that he was paid for 61.5 hours. (R. Doc. 21 at 3). However, based on the Court's review, the daily timesheets reflect that Mr. Toro worked 61.5 hours that week, and was paid for 61.5 hours that week according to the AP Vendor Drilldown reports. More specifically, R. Doc. 21-1 at 5 shows that Mr. Toro worked 35.5 hours at "Superior Grill Job: 51610" the week of 12/4 through 12/10 (R. Doc. 21-1 at 5), which is supported by the daily timesheets (R. Doc. 21-1 at 9 for 10 hours on 12/6, R. Doc. 21-1 at 10 for 5 hours on 12/7, R. Doc. 21-1 at 11 for 10.5 hours on 12/8, and R. Doc. 21-1 at 12 for 10 hours on 12/9, for a total of 35.5 hours). Plaintiff's Exhibit A also reflects 8 hours at Job 51612 on 12/7 (R. Doc. 21-1 at 7), and 18 hours as Job 51606 on 12/10 (R. Doc. 21-1 at 8). Thus, 35.5 hours at Job 51610, 8 hours at Job 51612, and 18 hours at Job 51606 aggregate to a total of 61.5 hours.

Regarding relevancy, the Court finds the documents in question (i.e., records reflecting the hours of work and compensation from October 2016 through the end of each respective Plaintiffs' employment) to be relevant. "Generally, the scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Crosby v. Louisiana Health Service and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (citing Fed. R. Civ. P. 26(b)(1)). Indeed, "[t]he federal rules promote broad discovery so that all relevant evidence is disclosed as early as possible, making a trial 'less a game of blind man's b[l]uff and more a fair contest,' *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958), where each party can knowledgeably evaluate the strength of its evidence and chances of ultimate success." *Chiasson v. Zapata Gulf Marine Corp.*, 988 f.2d 513, 517 (5th Cir. 1993).

Here, Plaintiffs allege in their Complaint that both Plaintiffs were employed from the Fall of 2014 through July of 2017, and that they "routinely worked in excess of 40 hours per week, but were not paid overtime as required by the Fair Labor Standards Act." (R. Doc. 1 at ¶¶ 5, 8). Plaintiffs' Request No. 1, seeking hours of work and compensation, is certainly relevant to their claim that they were not paid overtime, as those documents would show whether Plaintiffs worked overtime, and whether Plaintiffs were paid overtime, two of the facts necessary to prove their claims.  Although Defendants represent that there is no dispute that they began paying an overtime rate sometime in November of 2016 (R. Doc. 17-1 at 4), there is no such limitation in the Complaint.  In addition, what those payments were, how they were calculated, and whether the paid amounts contained in the "payroll records" matches the individual time sheets is discoverable.  This is a case concerning whether the Plaintiffs were appropriately compensated

6

by the Defendants. Defendants should produce what their corporate representative describes as the "payroll records."

Defendants argue that, even were the documents relevant, production of any additional documents would not be proportional to the needs of the case. The Court notes that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery if it determines that: '(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).'" *Aubin v. Columbia Cas. Co.*, 2017 WL 5495526, at *2 (M.D. La. Nov. 16, 2017).

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objection." *Wymore v. Nail*, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016) (citing *McLeod, Alexander, Powel and Apffel, P.C. v. Wuarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Aubin*, 2017 WL 5495526 at *2. The only argument advanced by Defendants in support of their position that the additional discovery sought to be compelled by Plaintiffs is not proportional is that the "overtime pay at issue is less than $15,000" and "that the burden or expense of the proposed discovery far outweighs any benefit." (R. Doc. 17-1 at 1, 2). Defendants make no showing, however, of what would be disproportionate or burdensome, outside of their allegation that the requested discovery is cumulative and duplicative.

The proportionality factors espoused by Fed. R. Civ. P. 26(b)(1) are the following: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). As to the first factor, the importance of the issues at stake, the discovery requested by Plaintiffs goes to the core of their claims. The gravamen of Plaintiffs' allegations is that, during the course of their respective employments with Defendants, they worked overtime hours and did not receive overtime pay. Certainly documents reflecting the hours worked and the amounts paid are important to the issues. The third and fourth factors, the parties' relative access to relevant information and the parties' resources, also both weigh in favor of Plaintiffs' position. As the employer, Defendants would have the highest level of access to information regarding payroll, as those types of records would generally be kept in the usual course of business. Plaintiffs, on the other hand, may or may not retain pay stubs, and the Court is not aware of any obligation for them to retain these records. The last factor, whether the burden or expense of the proposed discovery outweighs its likely benefits, also weighs in favor of Plaintiffs for the same reason as the first factor. That is to say, the discovery sought by Plaintiffs goes to the core of their claims against Defendants such that its likely benefits are high, and Defendants have made no substantive showing regarding the burden or expense, other than to assert it is burdensome.

The only factor that potentially favors Defendants is their claim that the amount at issue does not exceed $15,000. However, considering the Court's finding that the remainder of the factors favor Plaintiffs' position, and nowhere in Plaintiffs' Complaint is their claim limited to $15,000, this factor does not tip the scales in favor of Defendants. In fact, in Reply, Plaintiffs dispute Defendants' assertion that there is no disagreement as to the amount of overtime at issue. (R. Doc. 21 at 3-4).

Based on the foregoing, Defendants shall produce the same documents found as R. Docs. 12-5 and 12-6 for each Plaintiff for the entire period of their work for the Defendants. The Court is not convinced that any documents withheld would be cumulative or duplicative, nor does the Court find Defendants have met their burden of proving the production of additional responsive documents to be overly burdensome or disproportionate. Because of the Court's finding, Plaintiffs' argument regarding waiver of Defendants' relevance argument is moot.[2]

Lastly, Plaintiffs have requested attorney's fees.[3] Fed. R. Civ. P. 37(a)(5)(A) requires the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, but cautions that the Court must not order that payment if the non-disclosure was substantially justified or other circumstances make an award of expenses unjust. Considering the nature of the dispute at issue in the motion, the apparent good faith effort by the Defendants to produce the applicable information in multiple formats, and the complex nature of the documents that had been produced, the Court finds that an award of expenses is not warranted in this matter. Each party shall bear its own costs.

---

[2] The Court will note, however, that Plaintiffs' suggestion that Fed. R. Civ. P. 34(b)(2)(C) requires Defendants to "specify portions of documents being withheld and allow Plaintiffs to inspect those documents" is incorrect. Fed. R. Civ. P. 34(b)(2)(C) requires that a party objecting to discovery must "state whether any responsive materials are being withheld on the basis of that objection," and that any objection must specify the part of the request to which the party is objecting, but must permit inspection (or produce documents) of the rest, i.e., the part of the request to which the objecting party *does not* object. The Court is unaware of any mechanism in the Federal Rules that would require an objecting party to allow a requesting party to inspect documents the objecting party believes it has a right to withhold without intervention of the Court.

[3] Plaintiffs suggest attorney's fees are justified pursuant to "Fed. R. Civ. P. 37(b)(C)," which the Court notes is an incorrect citation. Fed. R. Civ. P. 37(b)(2)(C) allows attorney's fees for failure to comply with a Court order, and there is no such order in this matter, nor have Plaintiffs alleged Defendants failed to comply with an order. Instead, Plaintiffs suggest attorney's fees are warranted based on Defendants' incomplete responses to their discovery requests. Accordingly, the Court will address this issue pursuant to Fed. R. Civ. P. 37(a)(5)(A).

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs Motion to Compel (R. Doc. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants shall comply with this Order granting Plaintiffs' Motion to Compel (R. Doc. 12) within seven (7) days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorney's fees is **DENIED**, each party to bear their own costs.

Signed in Baton Rouge, Louisiana, on May 7, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**